### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELTER MUTUAL INSURANCE COMPANY, <br>     Plaintiff, <br> vs. <br><br> SHANE DENNIS CLARK and ELAINE WHEAT <br>     Defendants. | ) ) ) ) ) ) ) ) ) )   CIV-06-753-F |

### ORDER

This case is before the court on Plaintiff, Shelter Mutual Insurance Company (Shelter) and Defendant, Elaine Wheat's (Ms. Wheat) Joint Motion for Final Judgment Under Fed.R.Civ.P. 54(b) (Doc. 55). The Tenth Circuit tolled Ms. Wheat's appeal on July 16, 2007 because this Court's judgment for plaintiff did not constitute a final appealable decision. The Tenth Circuit granted Ms. Wheat thirty days to serve and file a copy of a district court order containing a final judgment under Fed.R.Civ.P. 54(b) (or to file an order explicitly adjudicating the claims against Defendant Clark or dismissing Clark with prejudice).

Rule 54(b) provides that when multiple claims or parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed.R.Civ.P. 54(b). Because sound judicial administration does not require that Rule 54(b) requests be granted routinely, the power to grant such a request rests with the sole discretion of a district court. *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10 (1980).

"In analyzing a Rule 54(b) motion, [a] district court must first determine that it is dealing with a 'final judgment.'" *Id.* at 7. "The court's disposition must have been a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citation omitted).

The court finds that its Order dated February 5, 2007 constituted a "final judgment" for purposes of Rule 54(b) because it was an ultimate disposition of all claims between Shelter and Elaine Wheat. *Livesay v. Shollenbarger,* 19 F.3d 1443, 1994 WL 56923 (10th Cir.)(Unpublished);

*X v. Fremont County School District No.25,* 162 F.3d 1175, 1998 WL 704692, 2 (10th Cir.)(Unpublished).

After determining finality, the court must examine whether there is just reason for delay. Fed.R.Civ.P. 54(b); *Curtiss-Wright Corp.,* 446 U.S. at 8. "In deciding whether there are no just reasons to delay the appeal of individual final judgments ... a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp.,* 446 U.S. at 8 (citation omitted).

This declaratory judgment action concerns only the interpretation of the Shelter policy. If the February 5, 2007 Order is affirmed, Ms. Wheat will have no recourse against the insurance policy and, since she has restricted her recovery to the proceeds of the Shelter policy, any lingering controversy between Clark and Shelter will be moot.

If, on the other hand, the Tenth Circuit reverses the February 5, 2007 Order and renders judgment for Ms. Wheat, Shelter will be bound by that determination to defend and indemnify Clark, but only to the extent of the proceeds of the Shelter policy as agreed by Ms. Wheat, and no further appeals will occur, except possibly as to damages but only between Shelter and Ms. Wheat – which would necessarily not include non-party Clark.

If the Tenth Circuit reverses the February 5, 2007 Order and remands for further proceedings, there is no possibility that Mr. Clark will ever be implicated, since Ms. Wheat has restricted any recovery she may receive to the Shelter Policy's limit of liability, and while there may be another appeal between Ms. Wheat and Shelter, there can be none involving Mr. Clark and no danger that he will claim the decisions in this case are not *res judicata* as to him. Accordingly, because of the procedural posture that brings us to this point, the issues before the Court on summary judgment between Shelter and Wheat effectively decide this matter because there is no danger that the Tenth Circuit's decision in this case will result in future appeals involving Clark, who is dismissed from the case. Also there is no likelihood of multiple appeals on the issues in this appeal.

Thus, the Court finds that there is no indication that entering an individual final judgment would facilitate piecemeal appeals in this instance and the equities weigh in favor of allowing the appeal to proceed. The Court finds no just reason for delaying the appeal on the claims between

Shelter and Ms. Wheat; the Court directs entry of judgment against Ms. Wheat and in favor of Shelter.

For all of these reasons, and having expressly found that its earlier order and judgment were final and that there is no just reason for delay of entry of judgment, the parties' joint motion for final judgment and certification under Rule 54(b) is **GRANTED**.

DATED this 27th day of July, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0753p011(pub).wpd